UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Eric Heppinstall, individually and on behalf of all others similarly situated,

C.A. No:

Plaintiff,

**CLASS ACTION COMPLAINT
DEMAND FOR JURY TRIAL**

-v.-

PREMIERE CREDIT OF NORTH AMERICA, LLC, VELOCITY INVESTMENTS LLC,

Defendants.

## COMPLAINT

Plaintiff, Eric Heppinstall (hereinafter "Plaintiff"), individually, and on behalf of all other similarly situated consumers, hereby alleges as follows:

## PRELIMINARY STATEMENT

This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"). Plaintiff is seeking damages and injunctive relief.

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and this is where Plaintiff resides.

## PARTIES

3.  Plaintiff is a natural person, who at all relevant times has resided in Exeter, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

4.  Defendant Premiere Credit of North America, LLC ("Defendant" or "Premier") is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate address as 2002 Wellesley Blvd, Indianapolis, Indiana 46219 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

5.  Defendant Velocity Investments LLC ("Velocity") is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate address as 1800 State Route 34 Ste 305, Wall Township, NJ 07719-9168 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

7. At some point prior to September 28, 2020, an obligation was allegedly incurred by Plaintiff.

8. The alleged obligation arose out of a transaction involving The Bank of Missouri incurred by Plaintiff for personal, family or household purposes and not for business purposes.

9. The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

10. The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C. §1692a(4).

11. The Bank of Missouri purportedly sold the debt to Defendant Velocity Investments LLC who contracted with the Defendant Premiere to collect the alleged debt.

12. Defendants Premiere and Velocity collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

13. On or about September 28, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt. **Attached hereto as Exhibit A.**

14. The letter stated a balance of $893.09 and broke down the balance as follows: Principal of $614.05, Interest of $74.09 and "Other Charges" of $204.95.

15. The breakdown in the letter does not clarify whether the interest will continue to rise and the Plaintiff could reasonably assume it would increase, as there is no qualification or clarification given regarding the interest rising.

16. Yet the bottom of the letter states a current balance of $893.09 and an Interest Rate of 0.00%.

17. This is confusing to Plaintiff because the letter states earlier that there is a $74.09 charge for interest, implying there is an increasing charge for interest.

18. It is deceptive to simultaneously state that there is an interest rate of 0.00% and that there is an interest charge that could be continually increasing.

19. This is especially deceptive in the initial collection letter to Plaintiff, known as the "G-notice," which requires the debt collector to clearly state the amount of debt.

20. This G-notice is improper because it is unclear from Defendant's statement whether interest would be rising and therefore the amount of debt is unclear.

21. In addition, the letter states an amount of $204.95 without any explanation or breakdown of these "other charges."

22. Similar to the interest charge, Plaintiff is not informed whether the other charges would increase or what the basis of the "other charges" are.

23. Defendant's letter does not explain the term "other charges" and Plaintiff has no way of determining what the "other charges" may be.

24. Defendant's letter was false, deceptive and misleading.

25. Defendant's letter confused and concerned Plaintiff.

26. Plaintiff was misled as to the status of the debt and to his rights and was therefore unable to evaluate how to handle this debt.

27. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

28. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

29. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

30. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

31. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

32. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

33. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

34. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## CLASS ALLEGATIONS

35. Plaintiff bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

36. The Class consists of all individuals with addresses in the Commonwealth of Pennsylvania to whom Defendant Premiere sent a letter attempting to collect a consumer debt on

behalf of Defendant Velocity which contained a breakdown of the balance including an interest charge and also stated that the interest rate was 0.00% which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

37. The identities of all class members can be ascertained from Defendants' records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

38. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Class members, which common issues predominate over any issues involving only individual class members. The common questions of law and fact issue include whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§1692e and 1692f.

40. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believe, and on that basis alleged, that the Plaintiff Class members defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class members and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §1692e, 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class members have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

44. Plaintiff repeats the allegations as if set forth here.

45. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendants violated said section, as described above, by making a false, deceptive, and misleading representations in violation of §§ 1692e and 1692e (10).

48. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 U.S.C. § 1692g:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

52. Defendants violated this section by failing to provide the proper notice required by §1692g in an initial collection letter, because the amount of debt is not clear as the amount may be increasing due to interest.

53. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Eric Heppinstall, individually and on behalf of all others similarly situated, demands judgment from Defendants Premiere and Defendant Velocity as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Scott Bernstein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Roseland, New Jersey
August 20, 2021

**Skolnick Legal Group, P.C.**

*/s/ Scott Bernstein*
Scott Bernstein, Esq.
Skolnick Legal Group, P.C.
103 Eisenhower Pkwy, Suite 305
Roseland, NJ 07068
(203) 246-2887
scott@skolnicklegalgroup.com